■ In the Matter of the Claim of IRENE T. NEBEL, Appellant. COMMISSIONER OF LABOR, Respondent. [970 NYS2d 128]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed August 15, 2012, which, among other things, ruled that claimant was ineligible to receive unemployment insurance benefits because she was not totally unemployed.

After she lost her full-time position at a college, claimant, who has a graduate degree in counseling, worked part time at the circulation desk of a library from January 2007 through September 2008. During this period, claimant usually worked approximately 34.5 hours every two weeks, with the number of days and hours per week varying. According to claimant, it was her personal belief that "a day of work" could only mean eight hours of work and, thus, regardless of how many days she worked at the library per week, claimant testified that she would add up her total number of hours, divide that number by eight

and fill in the resulting number as her days of work during that week when certifying for unemployment insurance benefits. Claimant testified that she did not receive an unemployment insurance handbook and did not access the online version of the handbook, although she did state that she read the online "frequently asked questions" section. By separate initial determinations, effective January 29, 2007 through December 30, 2007 and January 28, 2008 through September 28, 2008, claimant was, among other things, held to be ineligible to receive unemployment insurance benefits. The Unemployment Insurance Appeal Board ultimately ruled that claimant was not totally unemployed during those periods, and further charged her with a recoverable overpayment and loss of future benefits due to her willful misrepresentations regarding her work schedule. This appeal ensued.

We affirm. There is substantial evidence in the record supporting the Board's ruling that claimant lacked total unemployment and was ineligible to receive benefits for the applicable periods (*see Matter of Ramdhani [Commissioner of Labor]*, 98 AD3d 1183, 1184 [2012]; *Matter of DeOliveira [Commissioner of Labor]*, 36 AD3d 1045, 1045-1046 [2007]). Notably, the online information certification that claimant processed when she originally certified for benefits specifically states that an online version of the handbook was available and claimants were advised to read it carefully "and follow all instructions contained in it." Instead, claimant only read the frequently asked questions section and chose to employ her own interpretation as to how work days should be computed when applying for benefits. Notably, claimant acknowledged that the frequently asked questions section states that no claimant can work four days or more per week, yet claimant's employment records indicate that she routinely under reported the number of days that she actually worked per week at the library. While claimant argues that she was confused and her mistake was understandable, this created "a credibility issue for the Board to resolve" (*Matter of Ramdhani [Commissioner of Labor]*, 98 AD3d at 1184-1185). Under the circumstances, we find that substantial evidence supports the Board's conclusion that claimant made willful misrepresentations in order to receive benefits (*see Matter of Monserrate* [Commissioner of Labor], 102 AD3d 1046, 1047 [2013]; *Matter of Roberts [Commissioner of Labor]*, 49 AD3d 1129, 1129 [2008]).

Rose, J.P., Lahtinen, McCarthy and Garry, JJ., concur. Ordered that the decision is affirmed, without costs.